1

2

3

4

5

6

7

8
                         UNITED STATES DISTRICT COURT
9
                         EASTERN DISTRICT OF CALIFORNIA
10
                                ----oo0oo----
11
JOYCE SHARON FREDRICKSON
12 and JERRY FREDRICKSON,
                                            NO. CIV. S-04-1061 WBS GGH
13          Plaintiff(s),

14      v.                                  PRETRIAL ORDER

15 HOLIDAY RETIREMENT CORP.;
   HILLTOP ESTATES; ECOLAB
16 INC., and DOES 1 through
   25, inclusive,
17
            Defendant(s).
18
   _____/
19

20                              ----oo0oo----

21
            A Final Pretrial Conference was held in this matter,
22
   pursuant to the provisions of Rule 16(d) of the Federal Rules of
23
   Civil Procedure and Local Rule 16-282, on August 30, 2005.   James
24
   A. Wyatt appeared as counsel for plaintiffs; Timothy J. Nisson
25
   appeared as counsel for defendants.   Following the hearing, the
26
   court enters this Final Pretrial Order:
27
   ///
28

                                     1

I.   Jurisdiction-Venue

Jurisdiction is predicated upon 28 U.S.C. § 1332 (diversity) and the matter in controversy exceeds the sum of $75,000.  Venue is undisputed and is hereby found to be proper.

II.  Jury-Nonjury

The parties demand a jury trial.  Accordingly, the action shall be tried, pursuant to Fed. R. Civ. P. 48, before a jury consisting of no less than six and no more than 12 members.

III. Jury Instructions and Proposed Form of Verdict

No later than ten court days before the trial date, counsel for plaintiff shall lodge and serve, pursuant to Local Rule 51-163, copies of all jury instructions which plaintiff requests be given on plaintiff's claims.  At that time, counsel for plaintiff shall also file and serve a copy of a proposed form of verdict.

No later than seven court days before the trial date, counsel for defendants shall file and serve any objections to the instructions proposed by plaintiff.  At the same time, counsel for defendants shall lodge and serve, pursuant to Local Rule 51-163, copies of any and all jury instructions not already proposed by plaintiff, which defendants request be given.  Also at that time, counsel for defendants shall file and serve a copy of any proposed form of verdict and shall also file any objections to plaintiff's proposed form of verdict.

No later than four court days before the trial date, counsel for plaintiff shall file and serve any objections to the instructions proposed by defendants and to any proposed form of verdict.

1          Pursuant to Local Rule 51-163, any other instructions
2    thereafter presented will be refused unless it is shown either:
3    (1) that the necessity for the request arose in the course of
4    trial; could not reasonably have been anticipated prior to trial
5    from the pleadings, discovery or nature of the action; and the
6    request for such additional instructions is presented to the Court
7    as promptly as possible; or (2) that the refusal to give such
8    instructions would constitute plain error.

9          Likewise, any objections to proposed instructions not
10   made in accordance with this order will be overruled as untimely
11   unless it is shown either:  (1) that the grounds therefor arose in
12   the course of trial and the intention to make such objections is
13   communicated to the Court as promptly as possible, or (2) that the
14   giving of such instructions would constitute plain error.

15              IV.  <u>Voir Dire Questions</u>

16          No later than seven court days before the trial date,
17   counsel for each party shall submit all proposed jury voir dire
18   questions.

19              V.   <u>Trial Briefs</u>

20          No later than seven court days before the trial date,
21   counsel for each party shall file trial briefs, which shall include
22   any motions in limine, pursuant to Local Rule 16-285.  No later
23   than four court days before trial, the parties may file
24   oppositions, if any, to the motions in limine.

25              VI. <u>Disputed Issues of Fact</u>

26          Plaintiffs have settled their claims against defendant
27   EcoLab, Inc. prior to the Pretrial Conference.  At the Pretrial
28   Conference, it was agreed that the claims against defendant Hilltop

1  Estates shall be dismissed.

2        Accordingly, the only remaining claims in this action are
3  (1) plaintiff Joyce Fredrickson's claim of negligence against
4  Holiday Retirement Corp.; and (2)plaintiff Jerry Fredrickson's
5  claim against defendant Holiday Retirement Corp. for loss of
6  consortium.

7        All issues of fact in relation to each of those claims
8  remain in dispute and subject to proof at trial.

9            VII. <u>Witnesses</u>

10       (A)  Plaintiff  anticipates  calling  the  witnesses
11  identified at Exhibit "A" attached hereto.

12       (B)  Defendants  anticipate  calling  the  witnesses
13  identified at Exhibit "B" attached hereto.

14       (C)  Each party may call any witness designated by any
15  other party.

16       (D)  At the election of the party calling the witness,
17  the  direct  testimony  of  any  witness  may  be  presented  by
18  declaration, to be provided to the court and opposing counsel at
19  least  24  hours  before  the  witness  is  produced  for  cross-
20  examination.

21       (E)  No other witnesses will be permitted to testify at
22  trial unless:

23           (1)  all parties stipulate that the witness may
24  testify;

25           (2)  the party offering the witness demonstrates
26  that the witness is for the purpose of rebutting evidence which
27  could not have been reasonably anticipated at the time of the
28  Pretrial Conference; or

4

1          (3)   the witness was discovered after the Pretrial
2   Conference.

3          (F)   Testimony of a witness not designated in this Order,
4   which is offered under paragraph VIII(E)(3), above, upon the
5   grounds that the witness was discovered after the Pretrial
6   Conference, will not be permitted unless:

7          (1)   the testimony of the witness could not
8   reasonably have been discovered prior to the Pretrial Conference;

9          (2)   the court and opposing counsel were promptly
10  notified upon discovery of the testimony; and

11         (3)   counsel proffered the witness for deposition
12  if time permitted or provided all opposing counsel a reasonable
13  summary of the testimony if time did not permit a deposition.

14         VIII.   <u>Exhibits</u>

15         (A)   Plaintiff intends to offer the exhibits identified
16  at Exhibit "C" attached hereto.

17         (B)   Defendants intend to offer intends to offer the
18  exhibits identified at Exhibit "D" attached hereto.

19         (C) Each party may offer any exhibit designated by any
20  other party.

21         (D)   No other exhibits will be received in evidence
22  unless:

23         (1)   all parties stipulate that the exhibit may be
24  received in evidence;

25         (2)   the party offering the exhibit demonstrates
26  that the exhibit is for the purpose of rebutting evidence which
27  could not have been reasonably anticipated at the time of the
28  Pretrial Conference; or

5

1            (3)   the exhibit was discovered after the Pretrial
2 Conference.

3            (E)   An exhibit not designated in this Order, which is
4 offered under paragraph IX(D)(3), above, upon the grounds that the
5 exhibit was discovered after the Pretrial Conference, will not be
6 received in evidence unless:

7            (1)   the exhibit could not reasonably have been
8 discovered prior to the Pretrial Conference;

9            (2)   the court and opposing counsel were promptly
10 notified upon discovery of the exhibit; and

11            (3)   counsel provided copies of the exhibit to all
12 opposing counsel if physically possible or made the exhibit
13 reasonably available for inspection by all opposing counsel if
14 copying was not physically possible.

15            (F)   Each party shall exchange copies of all exhibits
16 identified in this Order, or make them reasonably available for
17 inspection by all other parties, not later than thirty calendar
18 days before the trial date.   Any and all objections to such
19 exhibits shall be filed and served not later than fourteen calendar
20 days before the trial date.

21            (G)   The attorney for each party is directed to appear
22 before trial and present an original (and if physically possible
23 one copy) of each exhibit to Deputy Clerk Sally Hoover at 8:30 a.m.
24 on the date of trial.

25            (H)   Each exhibit which has been designated in this Order
26 and presented on the morning of the date of trial shall be pre-
27 marked by counsel.   Plaintiff's exhibits shall bear numbers;
28 defendants' exhibits shall bear letters.   If no objection has been

made to such exhibit pursuant to paragraph IX(F), above, such exhibit will require no further foundation and will be received in evidence upon the motion of any party at trial.

IX.   Further Discovery and Motions

Except for motions in limine, no further motions shall be brought before trial except upon order of the court and upon a showing of manifest injustice.  Fed. R. Civ. P. 16(e).  No further discovery will be permitted except by the express stipulation of all parties or upon order of the court and upon a showing of manifest injustice.  Id.

X.   Use of Depositions or Interrogatories

No later than twenty calendar days before the trial date, counsel for each party shall file and serve a statement designating all answers to interrogatories and all portions of depositions intended to be offered or read into evidence, with the exception of portions to be used only for impeachment or rebuttal.  No later than ten calendar days before the trial date, counsel for any other party may file and serve a counter-designation of other portions of the same depositions intended to be offered or read into evidence and may file evidentiary objections to any other parties' designation.  No later than seven calendar days before the trial date, the parties may file evidentiary objections to any other party's counter-designation.

XI.   Date and Length of Trial

The trial is set for October 25, 2005, at 9:00 a.m. in Courtroom No. 5.   The court estimates that trial will last approximately four (4) trial days.

XII.   Daubert Procedure

7

1      Any challenges based on <u>Daubert v. Merrell Dow</u>
2 <u>Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and <u>Kumho Tire Co. v.</u>
3 <u>Carmichael</u>, 119 S. Ct. 1167 (1999) will be raised and resolved
4 outside the presence of the jury just prior to when the challenged
5 expert will be called to give testimony.  Any challenged expert
6 shall be present for such a challenge, and shall be available for
7 questioning.

8           XIII.  <u>Settlement Conference</u>

9      A Settlement Conference is set before the Honorable Frank
10 C. Damrell, at 10:00 a.m. on October 14, 2005 in Courtroom No. 2.

11      Each party is ordered to have a principal with full
12 settlement authority present at the conference or be fully
13 authorized to settle the matter on any terms. Particularly,
14 plaintiffs Joyce and Jerry Fredrickson **and** a representative of
15 defendants' insurance carrier with actual settlement authority
16 **shall be present** at the settlement conference.  No later than seven
17 days before the date of the Settlement Conference, counsel for each
18 party shall file and serve a Settlement Conference Statement for
19 review by the settlement judge.

20           XIV.  <u>Objections to Pretrial Order</u>

21      Any objections or suggested modifications to this
22 Pretrial Order shall be filed and served within five court days
23 from the file-stamped date of this Order.  All references herein
24 to the date of this Order shall refer to the date the tentative
25 order is filed and not to the date any amended order is filed.  If
26 no objections or modifications are made, this Order will become
27 final without further order of the Court and shall control the
28 subsequent course of the action, pursuant to Rule 16(e) of the

1  Federal Rules of Civil Procedure.

2  DATED: September 6, 2005.

3

4  _____

5  WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

6

7  _____

1

2

3

4

5                               Exhibit "A"

6

7

8                           Plaintiffs' Witnesses

9

10  1. Paul J. Slosar, M.D., SpineCare Medical Group, Inc., 1850 Sullivan Avenue,

11  Suite 200, Daly City, CA 94015, Telephone (650) 985-7500.

12  2. Robert A. Savala, M.D., SpineCare Medical Group, Inc., 1850 Sullivan Avenue,

13  Daly City, CA 94015, Telephone (650) 985-7500.

14  3. Steven R. Tulkin, Ph.D., SpineCare Medical Group, Inc., 1850 Sullivan Avenue,

15  Suite 200, Daly City, CA 94015, Telephone (650) 985-7500.

16  4. Patrick M. Campbell, M.D., 2787 Eureka Way, Redding, CA 96001, Telephone

17  (530) 243-1552.

18  5. Gurpreet K. Singh, D.O., Ph.D., 1441 Liberty, Redding, CA 96001, Telephone

19  (530) 243-1313.

20  6. Harvinder S. Birk, M.D., Neuro Electro-Diagnostics, 2336 Court Street,

21  Redding, CA 96001, Telephone (530) 241-8890.

22  7. Reed M. Grabow, M.D., MD Imaging, Inc., 2020 Court Street, Redding, CA 96001,

23  Telephone (530) 241-1236.

24  8. Paul W. Auston, M.D., MD Imaging, Inc., 2020 Court Street, Redding, CA 96001,

25  Telephone (530) 241-1236.

26  9. James Y. Welborn, M.D., MD Imaging, Inc., 2020 Court Street, Redding, CA

27  96001, Telephone (530) 241-1236.

28  10. Leonard Soloniuk, M.D., Advanced Pain Care Medical Clinic, 2656 Edith

1  Avenue, Suite B, Redding, CA 96001, Telephone (530) 247-3733.

2  11. Kevin Snider, R.P.T., Kevin Snider Physical Therapy, 1920 Barney, Anderson,

3  CA 96007, Telephone (530) 365-2142.

4  12. Kym L. Chandler, M.D., 1335 Buenaventura Blvd., Redding, CA 96001, Telephone

5  (530) 243-2579.

6  13. Robert G. Liptai, 514 Central Avenue, Alameda, CA 94501, Telephone (510)

7  769-9707.

8  14. Edward Younger, MRK Consultants, 6555 Coyle Avenue, Suite 235, Carmichael,

9  CA 95608, Telephone (916) 863-7301.

10  15. Donna Rogers, receptionist, c/o Hilltop Estates Retirement Residence, 451

11  Hilltop Drive, Redding, CA, Telephone (530) 241-4444.

12  16. Jim Shoon, Manager, c/o Hilltop Estates Retirement Residence, 451 Hilltop

13  Drive, Redding, CA, Telephone (530) 241-4444.

14  17. Paul and Vonnie Katter, Former co-managers of Hilltop Estates Retirement

15  Residence, 19500 Big Springs Road, Weed, CA.

16  18. Denise Braund, 17049 Snively Road, Cottonwood, CA 96022.

17  19. Mrs. Platina Lawson, outside customer of plaintiff, 11332 Sonora Trail,

18  Redding, CA 96003, Telephone (530) 549-3336.

19  20. Mr. Ed Lawson, outside customer of plaintiff, 11332 Sonora Trail, Redding,

20  CA 96003, Telephone (530) 549-3336.

21  21. Mark Hoff; Risk Manager, Holiday Retirement Corp., 2250 McGilchrist Street,

22  SE, Salem, OR 97302.

23  22. Robert Arthur Taylor, 12830 River Hills Drive, Bella Vista, CA 96008.

24  23. Joyce Sharon Fredrickson, plaintiff.

25  24. Gerald Fredrickson, plaintiff.

26  25. Joanne Edgerton, friend, P.O. Box 297, Igo, CA, Telephone (530) 396-2614.

27  Plaintiffs' Supplemental Witness List

28  1. Karen Bruce, friend, c/o Denise Braund, 17049 Snively Road, Cottonwood, CA

11

96022. Telephone number (530) 549-5573.

2. Geinne Snider, friend, c/o Denise Braund, 17049 Snively Road, Cottonwood, CA 96022. Telephone (530) 241-0681.

3. Gabrielle Guglielmelli, c/o Denise Braund, 17049 Snively Road, Cottonwood, CA 96022. Telephone (303) 896-5991.

1           Exhibit "B"

2

3      Defendant Holiday Retirement's Witnesses

4

5 A. James and Mary Schoon, Managers, Hilltop Estates Retirement

6 Residence;

7 B. Donna Rogers, Hilltop Estates Retirement Residence

8 C. Paul and Vonnie Katter, former managers of Hilltop Estates Retirement

9 Residence;

10 D. Plaintiff Joyce Sharon Fredrickson

11 E. Plaintiff Jerry Fredrickson

12 F. Robert Taylor, an employee of Ecolab, Inc.

13 G. Peter Sfakianos, M.D.:, expert orthopedic

14 H. Ron Adams, Ph.D.: expert economist

15 I. David Howitt, Ph.D.: expert chemical engineer

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit "C"


Plaintiff's Exhibits - Schedules and Summaries.


1. All medical records, reports, films, diagnostic studies, statements,

billings, prescription receipts, and medical equipment receipts relative to

the care and treatment rendered to Plaintiff, JOYCE SHARON FREDRICKSON, by her

treating and consulting medical providers.

2. Incident/Accident Report, dated May 12, 2003.

3. Fifteen (15) photographs of the Hilltop Estates Retirement Residence, taken

by Denise Braund and Jerry Fredrickson.

4. Beautician Contract, dated June 28, 2000, between Hilltop Estates and

Sharon Fredrickson.

5. Plans, blueprints, and diagrams depicting the relevant portions of the facility known as Hilltop Estates.

14

Exhibit "D"

Defendant Holiday Retirement's Exhibits

1. Incident/Accident Report, dated May 12, 2003.

2. Ecolab owner's manual.

3. Ecolab installation manual.

4. Ecolab service records invoices.

5. Photographs of premises.

6. Photographs of Ecolab products.

7. The beautician contract between plaintiff and defendant Holiday

Retirement Corp.

8. Diagram of the accident scene.

9. Records from Dr. Kim Chandler

10. Records from Dr. Paul Slosar

11. Records from Spine Care Medical Group

12. Records from Dr. Michael Hanley

13. Records from Dr. Guprecht Singh

14. Records from Hanger Prosthetics and Orthotics

15. Records from Dr. Patrick Campbell

16. Records from M.D. Imaging Inc.

17. Records from Dr. Harvinder Birk

18. Records from Dr. Leonard Soluniuk

19. Records from Seton Medical Center

1

20. Records from Kevin Snyder PT

2

21. Radiology films from M.D. Imaging Inc.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28